IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

AMANDA ASBURY,

                Plaintiff,

v.                                                    CIVIL ACTION NO.   2:23-cv-00467

ALPHA NATURAL RESOURCES
SERVICES, LLC, and
CONTURA ENERGY, INC.,

                Defendants.


**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Alpha Natural Resources Services, LLC's and Contura Energy, Inc.'s Motion for Summary Judgment* (Document 27), the *Memorandum of Law in Support of Alpha Natural Resources Services, LLC and Contura Energy, Inc.'s Motion for Summary Judgment* (Document 28), the *Plaintiff's Response to Defendants' Motion for Summary Judgment* (Document 31), and the *Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment* (Document 34), as well as all exhibits.

In addition, the Court has reviewed the *Plaintiff's Motion to Correct* (Document 33) and the attached *Affidavit of Amanda Asbury* (Document 33-1), wherein the Plaintiff's counsel requests leave to submit the affidavit, which was mistakenly omitted from the filings attached to her response brief.   The Court has also reviewed the *Plaintiff's Motion to File Document Under Seal* (Document 32), wherein the Plaintiff requests leave to file under seal job applications produced by the Defendants and marked confidential.   The Court finds that the motion to correct should be

granted and will permit the filing of the affidavit. The Plaintiff failed to submit the documents she sought to file under seal, and so the Court is unable to determine whether sufficient justification exists to deprive the public of its right of access as to those documents. However, given the Court's findings contained herein, the Court finds the documents unnecessary to its review of the motion for summary judgment, and will therefore terminate the motion to seal as moot.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff, Amanda Asbury, initiated this action with a *Complaint* (Document 1-1) filed on November 30, 2022 in the Circuit Court of Boone County, West Virginia. She named several companies as Defendants, and the cases were severed in state court prior to removal of this action on July 24, 2023. The named Defendants in this case are Alpha Natural Resources, LLC (Alpha) and Contura Energy, Inc. (Contura).

Ms. Asbury has approximately 12 years of experience as a coal miner. The mine for which she worked shut down and she was discharged on December 18, 2018, and sought employment at other mines. She had experience in a variety of positions, with a variety of equipment, and has certifications as an electrician Hi/Med/Low, underground coal miner, EMT-M, Mine Rescuer, Underground Instructor, and Electrical Instructor. (Asbury Resume) (Document 31-2.) She testified that she went to the Alpha/Contura mine office in Pineville, West Virginia, at Road Fork 52 in around July 2021 to fill out and submit an application. An acquaintance had told her that there were open positions, and she sent him a message on July 28, 2021, stating that she had applied and asking how to contact Brandon Cline, a foreman at Road Fork 52 with whom she had previously worked. The subsequent messages indicate that she was unable to reach Mr. Cline,

and hesitant to try because of language on the application form instructing applicants not to contact anyone.

Human Resources and management employees for the Defendants indicated that only handwritten paper applications were accepted, and applications were maintained in a stack in the mine office, not sorted by position or date of submission. The mine foreman and/or superintendent would look through the stack to identify applicants for an interview as needed. After six months or a year, applications for people who were not hired would be destroyed. An HR employee stated that applications for people who applied in 2021 but were not hired "would have been shredded" and, by November 2022, there would be no record of someone who had applied in July 2021. (Wiley Dep. at 27:18) (Document 31-4.) Mr. Cline and the HR manager each testified that they did not recall seeing Ms. Asbury's application, and Mr. Cline said that her qualifications would have warranted calling her for an interview. During the time period at issue, the defendants hired exclusively men for positions for which Ms. Asbury was qualified.

Ms. Asbury asserts that the Defendants failed to hire her, in whole or in part, based on her gender, in violation of the West Virginia Human Rights Act (WVHRA), W. Va. Code § 5-11-9. She seeks lost wages, emotional damages, punitive damages, and attorney fees and costs.

**STANDARD OF REVIEW**

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v.*

3

*Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D. W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986)). If disputes over a material fact exist that "can be resolved only by a finder of fact because they

may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

The Defendants move for summary judgment based on their contention that "there is no evidence anywhere on the record that Plaintiff ever actually applied for a position with the Defendants." (Defs.' Mem. at 2.) The Plaintiff responds that she "has established through her own testimony, and the corroborating, contemporaneous text messages with an employee of the Defendants that she did complete a job application," emphasizing that the Defendants' lack of records is attributable to their own practice of destroying such applications.

The Defendants' argument, as summarized in their reply under a heading asserting boldly that "Plaintiff Confuses Her *Allegations* With *Facts*," is as follows:

> The thrust of Plaintiff's Response is that she believes she is capable of carrying her burden of proving to a jury that she applied to a position at Road Fork 52 – an essential element of her nonselection claim – ***merely because she says so***. She attempts to convince the Court of this by pointing out that she has unilaterally 'said so' not once (by text message) or twice (in deposition) but ***three times*** (in her *post-hoc* affidavit). In other words – Plaintiff believes that if she simply ***says so*** enough times, she will be able to successfully resist summary judgment. However, that is simply not true.

(Defs' Reply at 3) (emphases in original.)

But of course, a Plaintiff's factual testimony *is* evidence capable of defeating a motion for summary judgment. Even if the Court accepted the Defendant's characterization of Ms. Asbury's

5

testimony and sworn statement that she completed an application at the office at Road Fork 52 as "self-serving," the Fourth Circuit has thoroughly rejected the argument that self-serving testimony from a non-moving party is insufficient to defeat summary judgment. *Harrell v. DeLuca*, 97 F.4th 180, 187 (4th Cir. 2024) ("as the Harrells are the nonmovants, their self-serving declarations can defeat summary judgment.") "Indeed, the record could defeat summary judgment even if the evidence consisted exclusively of so-called 'self-serving' declarations from [the Plaintiff] himself." *Mann v. Failey*, 578 F. App'x 267, 273 at footnote 2 (4th Cir. 2014); *Lovett v. Cracker Barrel Old Country Store, Inc.*, 700 F. App'x 209, 212 (4th Cir. 2017) (rejecting the argument "that as a matter of law, 'self-serving affidavits of non-movants' that are 'unsupported by objective record evidence' are insufficient to create genuine issues of material fact"); *Evans v. Schultz*, No. CV ELH-22-3073, 2024 WL 3568569, at *6 (D. Md. July 29, 2024) ("Testimony that is based on personal knowledge or firsthand experience can constitute evidence of disputed material facts, even if it is uncorroborated and self-serving.") Furthermore, Ms. Asbury's statements are corroborated by the contemporaneous text messages in which she discussed applying and stated that she had done so. The Defendants' evidence on the issue of whether Ms. Asbury submitted an application consists only of its employees stating that they do not recall seeing her application. The absence of a record of her application has little bearing, given that the Defendants did not maintain records of applications.

The cases cited by the Defendants (to the extent they had any bearing on the issue) indicate that their confusion may arise from a failure to distinguish between facts and opinion.[1] In *Mackey*

---

1 This argument violates or at least borders on a violation of Rule 3.1 of the Rules of Professional Responsibility. The Court has difficulty accepting that Counsel genuinely cannot distinguish between factual evidence and opinion evidence.

6

*v. Shalala*, the Fourth Circuit found that a plaintiff's "opinion" or speculation that her "transfer was causally connected to the EEO complaints she filed" was not sufficient to "establish a *prima facie* case of discrimination." *Mackey v. Shalala*, 360 F.3d 463, 469–70 (4th Cir. 2004); *see also Williams v. Giant Food Inc.*, 370 F.3d 423, 433 (4th Cir. 2004) (finding a plaintiff's testimony that her evaluations were "unfair" to be insufficient, but rejecting a grant of summary judgment because she had not had the opportunity to conduct discovery on the issue – and explaining that her testimony on factual matters did create a genuine issue of material fact as to those issues). Here, however, Ms. Asbury had direct personal knowledge of whether she submitted an application, and her testimony in that regard constitutes fact, not opinion, evidence. The Court cannot weigh the evidence or make credibility determinations and must view the factual evidence and any reasonable inferences to be drawn therefrom in the light most favorable to Ms. Asbury as the non-moving party. Ms. Asbury has presented evidence that she submitted an application and that the Defendants hired less qualified male applicants instead of her, which the Court finds sufficient to set forth a prima facia case of gender discrimination.[2] Therefore, the Court finds that the Defendants' motion for summary judgment should be denied.

---

2 In addition to their argument that Ms. Asbury did not apply, the Defendants contend that Ms. Asbury cannot demonstrate that they were motivated by gender bias—but this argument rests primarily on the assertion that she never applied and there was therefore no employment decision to examine, which the Court will not belabor further. Ms. Asbury is undisputedly a member of a protected class as a woman, and the Defendants' employees testified that her qualifications should have led to an interview. Mr. Cline testified that the workforce of about 160 people at the mine was exclusively male, and at the entire site with just over 300 employees, one woman worked in the warehouse. (Cline Dep. at 49) (Document 27-2.) A reasonable jury could infer that the Defendants intentionally maintained their all male underground workforce by hiring less qualified male applicants over her, at least in part because of her gender.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Alpha Natural Resources Services, LLC's and Contura Energy, Inc.'s Motion for Summary Judgment* (Document 27) be **DENIED**, that the *Plaintiff's Motion to Correct* (Document 33) be **GRANTED** and the attached *Affidavit of Amanda Asbury* (Document 33-1) be **FILED**, and that the *Plaintiff's Motion to File Document Under Seal* (Document 32) be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     September 13, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA